**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

ARELIS B. RODRIGUEZ OLIVO,

                Plaintiff,

                                                  Case No. 6:16-cv-259-Orl-40JRK

vs.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                Defendant.
_____/

## **REPORT AND RECOMMENDATION**[1]

### **I. Status**

Arelis B. Rodriguez Olivo ("Plaintiff"), who originally was found to be disabled by the Commissioner of the Social Security Administration ("Administration"), is appealing the Administration's final decision finding that as of January 1, 2012, she was no longer disabled and therefore ineligible for continued supplemental security income ("SSI"). Plaintiff suffers from "depression and anxiety, back [pain], [and] high blood pressure[,] and [she has a] tumor in [her] head." Transcript of Administrative Proceedings (Doc. No. 14; "Tr." or "administrative transcript"), filed May 12, 2016, at 64. The original finding of disability was made in August 2005 and was based upon symptoms resulting from "affective disorder and anxiety disorder." Tr. at 64; see Tr. at 123.

---

[1] "Within 14 days after being served with a copy of [a report and recommendation on a dispositive issue], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." Id. A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. See Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

The Administration conducted a review of Plaintiff's disability status, see 20 C.F.R. § 404.1594(a), and made an initial determination in January 2012 that Plaintiff was no longer disabled as of January 1, 2012, Tr. at 63-64, 91-95.  Plaintiff sought reconsideration of that determination.  Tr. at 98.  The matter was referred to a State Agency Disability Hearing Officer, who held a hearing on November 5, 2012 and then issued a decision on December 12, 2012 upholding the original determination.  Tr. at 117-19, 121-26, 127-31.

Plaintiff then requested a hearing before an administrative law judge ("ALJ").  Tr. at 135, 154.  On June 6, 2014, an ALJ presided over a hearing at which Plaintiff appeared and was represented by counsel.  Tr. at 31-58.  During the hearing, the ALJ heard from Plaintiff, Tr. at 36-52, and from a vocational expert ("VE"), Tr. at 52-57.

Following the hearing, on July 30, 2014, the ALJ issued a Decision finding that Plaintiff's disability ended as of January 1, 2012.  Tr. at 16-24.  Plaintiff then requested review by the Appeals Council.  Tr. at 8-9.  On December 16, 2015, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, 4-5, making the ALJ's Decision the final decision of the Commissioner.  On February 16, 2016, Plaintiff commenced this action through counsel under 42 U.S.C. §§ 405(g) and 1383(c)(3) by timely filing a Complaint (Doc. No. 1) seeking judicial review of the Commissioner's final decision.

Plaintiff raises two issues on appeal.  See Plaintiff's Brief (Doc. No. 16; "Pl.'s Br."), filed July 15, 2016, at 2, 8-12 (issue one), 12-17 (issue two).  First, Plaintiff claims that "[t]he ALJ failed to apply the correct legal standards to the medical opinions of record,"  Pl.'s Br. at 8 (emphasis omitted), specifically the opinions of Ladapo Shyngle, M.D., id. at 9-10, and Daniel Arrogante, A.R.N.P., id. at 10-12.  Second, Plaintiff argues that "[t]he ALJ's finding that medical improvement occurred as of January 1, 2012, is not based on the correct legal

standards or supported by substantial evidence." Id. at 12 (emphasis omitted). Defendant responded on September 13, 2016 by filing a Memorandum in Support of the Commissioner's Decision (Doc. No. 17; "Def.'s Mem.").

After a thorough review of the entire record and the parties' respective memoranda, the undersigned recommends that the Commissioner's final decision be reversed and remanded for further administrative proceedings. Specifically, addressing Plaintiff's second argument, the undersigned finds that the ALJ erred in determining medical improvement occurred because the ALJ did not make the required comparison between the evidence upon which the original disability determination was based and the evidence post-dating that decision.

On remand, a proper comparison of the medical evidence may impact the ALJ's findings with respect to the various medical opinions of record (Plaintiff's first issue on appeal). For this reason, the Court need not address Plaintiff's first argument. See Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam) (declining to address certain issues because they were likely to be reconsidered on remand); Demenech v. Sec'y of the Dep't of Health & Human Servs., 913 F.2d 882, 884 (11th Cir. 1990) (per curiam) (concluding that certain arguments need not be addressed when the case would be remanded on other issues).

## II.  The ALJ's Decision

An ALJ typically follows a five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations") when deciding whether an individual is disabled,[2] determining

---

[2] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period
(continued...)

as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

When an ALJ is determining whether a disability has ended, however, the Regulations mandate following a different sequential inquiry. See 20 C.F.R. §§ 404.1594(f), 416.994(b). This sequential inquiry asks, in substance, whether a claimant (1) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (2) has experienced medical improvement; (3) has experienced medical improvement that is related to the ability to work; (4) has experienced medical improvement, but an exception to the medical improvement applies; (5) has current impairments that when considered in combination are severe; (6) can perform past relevant work; and (7) can perform other work that exists in the national economy. See 20 C.F.R. §§ 404.1594(f), 416.994(b).[3] "When considering a case for termination or cessation of benefits, . . . the burden is on the Commissioner to prove that the claimant is no longer disabled as of the cessation date because the Plaintiff had experienced 'medical improvement.'" Townsend v. Comm'r of Soc. Sec., No. 6:13-cv-1783-Orl-DAB, 2015 WL 777630, at *3 (M.D. Fla. Feb. 24, 2015)

---

[2](...continued)
of not less than 12 months[.]"   42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

[3]  Some of the cessation cases and 20 C.F.R. § 404.1594(f) (applicable to disability insurance benefits cases) refer to an eight step-sequential evaluation, in which the first step is whether the claimant is engaging in substantial gainful activity. The applicable SSI Regulation, 20 C.F.R. § 416.994(b), does not include the substantial gainful activity step.

-4-

(unpublished) (emphasis omitted) (citing Simpson v. Schweiker, 691 F.2d 966, 969 (11th Cir. 1982), superseded by statute on other grounds as stated in Elam v. R.R. Ret. Bd., 921 F.2d 1210, 1214 (11th Cir. 1991); Huie v. Bowen, 788 F.2d 698 (11th Cir. 1986); Carbonell v. Comm'r of Soc. Sec., No. 6:11-cv-400-Orl-22DAB, 2012 WL 1946070, at *3-4 (M.D. Fla. May 11, 2012) (unpublished report and recommendation), adopted, 2012 WL 1946072, at *1 (unpublished order)).[4]

> Here, prior to engaging in the sequential inquiry, the ALJ found as follows:
>
> 1. The most recent favorable medical decision finding that [Plaintiff] was disabled is the determination dated August 9, 2005. This is known as the "comparison point decision" or CPD.
>
> 2. At the time of the CPD, [Plaintiff] had the following medically determinable impairments: back pain, depression, and anxiety. These impairments were found to result in the residual functional capacity [("RFC")] to perform less than a full range of sedentary work. [Plaintiff] is unable to perform substantial gainful work due to cognitive impairment and current emotional state.
>
> 3. The medical evidence establishes that, as of January 1, 2012, [Plaintiff] had the following medically determinable impairments[:] back pain, depression, and anxiety, angina, hypertension, and asthma. These are [Plaintiff's] current impairments.

Tr. at 17-18 (emphasis and citation omitted).

The ALJ then engaged in the seven-step sequential inquiry set forth above for determining whether a cessation of benefits is appropriate. At step one, the ALJ determined that "[s]ince January 1, 2012, [Plaintiff] has not had an impairment or combination of

---

[4] Defendant suggests that Plaintiff here had the burden of proving her continuing disability, citing Gombash v. Commissioner, Social Security Administration, 566 F. App'x 857, 858 (11th Cir. 2014) (unpublished), for the proposition that the "burden to prove disability in [a] cessation of benefits case 'ultimately rests with the claimant.'" Def.'s Mem. at 4; see also id. at 19. The unpublished Gombash opinion contains one sentence regarding the burden of proof: "The burden ultimately rests with the claimant to prove that he is disabled and entitled to Social Security Benefits." Gombash, 566 F. App'x at 858 (citing 20 C.F.R. § 404.1512(a)). Although Gombash was a cessation of benefits case, this one sentence set forth in the opinion appears to refer generally to the burden of proof in social security initial disability determinations, as evidenced by the citation to Section 404.1512(a) that addresses the process of the initial disability determination.

impairments which meets or medically equals the severity of an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1." Tr. at 18 (emphasis and citation omitted). At step two, the ALJ found that "[m]edical improvement occurred as of January 1, 2012." Tr. at 18 (emphasis and citation omitted).

> Regarding Plaintiff's RFC, the ALJ determined:
>
> As of January 1, 2012, the impairments present at the time of the CPD had decreased in medical severity to the point where [Plaintiff] had the [RFC] to perform sedentary, unskilled work in accordance with [the] Regulations. In addition, [Plaintiff] was found capable of performing simple and repetitive tasks required for unskilled work.

Tr. at 18 (emphasis omitted). At step three, the ALJ found that Plaintiff's "medical improvement is related to the ability to work because it has resulted in an increase in [Plaintiff's RFC]." Tr. at 19 (emphasis and citation omitted).

At step four, although not explicitly stated, it can be inferred from the Decision that the ALJ found no exceptions apply to the medical improvement. At step five, the ALJ found that "[b]eginning on January 1, 2012, [Plaintiff] has continued to have a severe impairment or combination of impairments." Tr. at 19 (emphasis and citation omitted). Then, the ALJ found Plaintiff is currently capable of the following specific RFC:

> [Plaintiff can] perform light work as defined in 20 CFR 416.967(b) except to perform work at less than the full range of the light exertional level. She can lift, carry, push and/or pull twenty (20) pounds occasionally and ten (10) pounds frequently. She can stand and walk for approximately two (2) hours and can sit for approximately six (6) hours in an 8-hour workday with normal breaks. She could climb stairs, balance, stoop, kneel, crouch and crawl occasionally, but should never climb ladders or scaffolds. She must avoid vibration, unprotected heights and hazardous machinery. She must avoid moderate exposure to extreme heat, cold, wetness, humidity, and irritants such as fumes, odors, dust and gases. Her work would be limited to simple, routine, and repetitive tasks, limited to low stress work, defined as having only occasional decisionmaking and changes in the work setting.

Tr. at 19 (emphasis omitted).

The ALJ determined at step six that "[Plaintiff] has no past relevant work." Tr. at 22 (emphasis and citation omitted). The ALJ then proceeded to step seven and, after considering Plaintiff's age ("a younger individual"), education ("at least a high school education and [the ability] to communicate in English"), lack of work experience, and RFC, determined that "[b]eginning on January 1, 2012, . . . [Plaintiff] has been able to perform a significant number of jobs in the national economy." Tr. at 22-23 (emphasis and citation omitted). Relying on the testimony of the VE, the ALJ identified representative jobs as "assembler, small products"; "assembler, plastic hospital products"; "final assembler"; and "jewelry preparer." Tr. at 23 (citations omitted). The ALJ, therefore, concluded that Plaintiff's "disability ended on January 1, 2012, and [Plaintiff] has not become disabled again since that date." Tr. at 24 (emphasis and citation omitted).

### III. Standard of Review

This Court reviews the Commissioner's final decision as to cessation of disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). The key is "whether the [Commissioner's] finding of

improvement to the point of no disability is supported by substantial evidence." Simpson, 691 F.2d at 969.

It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

In a cessation of benefits case, "there can be no termination of benefits unless there is substantial evidence of improvement to the point of no disability." McAulay v. Heckler, 749 F.2d 1500, 1500 (11th Cir. 1985) (per curiam) (citation omitted). "Medical improvement" is defined as "any decrease in the medical severity of [the claimant's] impairment(s) which was present at the time of the most recent favorable medical decision that [the claimant was] disabled or continued to be disabled." 20 C.F.R. § 404.1594(b)(1). To make the required finding of medical improvement prior to terminating benefits, an ALJ must "evaluate the medical evidence upon which [the claimant] was originally found to be disabled," and compare it with the newer medical evidence. Vaughn v. Heckler, 727 F.2d 1040, 1043 (11th Cir. 1984); see also Simone v. Comm'r of Soc. Sec. Admin., 465 F. App'x 905, 908 (11th Cir. 2012) (citing McAulay, 749 F.2d at 1500; 20 C.F.R. § 404.1594(c)(1)). "Without such a

comparison, no adequate finding of improvement c[an] be rendered." Vaughn, 727 F.2d at 1043; see also McAulay, 749 F.2d at 1500 (citation omitted).

Here, the ALJ at no point in the Decision discussed or cited the medical evidence predating the CPD. See generally Tr. at 17-23. Although the ALJ found that "[t]he medical evidence supports a finding that, as of January 1, 2012, there had been a decrease in medical severity of impairments present at the time of the CPD," Tr. at 18, the ALJ did not actually perform the required comparison of the original medical evidence with the new medical evidence, see Vaughn, 727 F.2d at 1043; see also Simone, 465 F. App'x at 908 (citing McAulay, 749 F.2d at 1500; 20 C.F.R. § 404.1594(c)(1)). Accordingly, the ALJ's finding that "[m]edical improvement occurred as of January 1, 2012," Tr. at 18 (emphasis omitted), cannot stand, see Vaughn, 727 F.2d at 1043 (finding error when "the ALJ focused only on current evidence of whether [the plaintiff] was disabled"); McAulay, 749 F.2d at 1500 (finding that although the ALJ referred to original medical records, "no comparison was made" and "the ALJ failed to properly address the issue of improvement"); see also Klaes v. Comm'r, Soc. Sec. Admin., 499 F. App'x 895, 896-97 (11th Cir. 2012) (finding reversible error when "[t]he ALJ did not mention, much less compare, the medical evidence of [the plaintiff's] impairments [predating the disability determination] that was relied upon to make the original . . . determination").

Defendant evidently contends that the ALJ's failure to compare the old evidence to the new evidence is cured by the ALJ's citation to "Exhibit B12B," the hearing officer's decision. Argues Defendant, "Plaintiff had been found unable to perform substantial gainful work due to 'cognitive impairment and current emotional state,' with the ALJ citing Exhibit B12B, which contains the analysis of evidence in the record comparing Plaintiff's prior and

current medical impairments." Def.'s Mem. at 5-6 (emphasis added) (citations omitted); see also id. at 10-11 (arguing that the ALJ was not required to discuss treatment notes predating the CPD).

As previously summarized, the ALJ stated that "[a]t the time of the CPD" (August 9, 2005), Plaintiff "had the following medically determinable impairments: back pain, depression, and anxiety." Tr. at 17 (emphasis omitted). The ALJ continued, "These impairments were found to result in the [RFC] to perform less than a full range of sedentary work." Tr. at 17 (emphasis omitted). Although apparently still referring to the CPD, the ALJ then used the present tense in stating that Plaintiff "is unable to perform substantial gainful work due to cognitive impairment and current emotional state." Tr. at 17 (emphasis omitted). At the end of the paragraph about the impairments in existence at the time of the CPD, the ALJ cited "Exhibit B12B" (emphasis omitted), which contains the disability hearing officer's December 12, 2012 decision, see Tr. at 121-26. The hearing officer engaged in what appears to be a comprehensive comparison of the medical evidence predating the CPD to the medical evidence postdating the CPD, Tr. at 121-26, although, as explained above, the ALJ did not.

There are a number of reasons why the ALJ's citation to the hearing officer's decision does not suffice. First, the ALJ's Decision is the one being reviewed by this Court as the final decision of the Commissioner, not the hearing officer's decision. Second, the ALJ in citing the hearing officer's decision (Exhibit B12B) did not cite it for the purpose of recognizing or incorporating the hearing officer's comparison of the medical evidence. Instead, it was cited for the purpose of establishing the Administration's ultimate findings in the CPD: Plaintiff's medically determinable impairments; her RFC; and her inability to perform substantial gainful

work. See Tr. at 17 (citation omitted). Third, a review of the hearing officer's decision shows that the hearing officer likely relied on some evidence predating the CPD that is not in the administrative transcript. See Tr. at 124. Specifically, the hearing officer discussed in some detail the medical evidence documenting Plaintiff's physical impairments (in addition to her mental impairments) predating the CPD. Tr. at 124. In addition to the hearing officer relying on this evidence, it appears that the Administration's initial determinations of the disability cessation included a review of medical evidence regarding Plaintiff's physical impairments. See, e.g., Tr. at 75, 115, 566, 570. Yet, the only medical evidence predating the CPD that is actually included in the administrative transcript is evidence of mental treatment notes and opinions. Tr. at 438-48, 451-52, 455, 457-58. So, even if the ALJ's failure to discuss and compare evidence predating the CPD can somehow be rectified by the hearing officer's discussion, this Court does not have before it some of the evidence that the hearing officer relied upon in making the findings about medical improvement.

In arguing that the ALJ's Decision should be affirmed, Defendant also relies on the ALJ's finding that Plaintiff has not sought treatment for her mental impairments in five years. See Def.'s Mem. at 9 (citing Tr. at 18, 21). While the administrative transcript appears to support this observation, the ALJ's Decision overlooks that Plaintiff's primary care physician was prescribing Trazodone (which is used to treat depression and anxiety) and Hydroxyzine (which, among other things, is used to treat anxiety). Tr. at 432, 590, 596.[5] In a psychiatric evaluation by Daniel Arrogante dated August 8, 2013, Plaintiff reported that these drugs "are not effective." Tr. at 590; see also Tr. at 595 (Mr. Arrogante recommending continuation of

---

[5] Similarly, Defendant does not address the fact that Plaintiff was taking these particular medications, stating only that Plaintiff "testified in 2012 to taking 'all of her medications as prescribed and [seeing] her doctors regularly.'" Def.'s Mem. at 6 (citing Tr. at 18, 122, 590).

-11-

Trazodone and Hydroxyzine and starting Wellbutrin XL).  Furthermore, in light of the lack of an actual comparison of the evidence of mental and physical limitations predating the CPD with the mental and physical evidence postdating the CPD, this argument does not carry the day.

For all of these reasons, reversal and remand[6] is appropriate for the ALJ to obtain whatever evidence may be missing that predates the CPD, and to properly compare the pre-CPD evidence to the post-CPD evidence.[7]

## V. Conclusion

In accordance with the foregoing, it is hereby **RECOMMENDED THAT**:

1.     The Clerk of Court be directed to enter judgment pursuant to 42 U.S.C. § 1383(c)(3) and sentence four of § 405(g) **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

> (A)     Reevaluate whether Plaintiff has medically improved to the point of being no longer disabled and therefore ineligible for SSI, being sure to obtain whatever evidence may be missing that predates the CPD and to compare the original medical evidence with the new medical evidence prior to making any determination of improvement;
>
> (B)     If appropriate, reevaluate the medical opinions; and

---

[6]     Plaintiff in the Complaint seeks the relief of a reversal, or alternatively, reversal with remand. See Complaint (Doc. No. 1) at 1. In closing her substantive arguments in her brief, however, Plaintiff requests that the Decision "be reversed and this case remanded for further proceedings." Pl.'s Br. at 17. Thus, it appears Plaintiff now seeks the relief of reversal with remand. In any event, the undersigned finds that reversal with remand for further proceedings is the proper remedy.

[7]     As to Defendant's contention that "remand to have the ALJ more fully discuss the evidence for the period before Plaintiff's CPD would serve no practical purpose, would not alter the ALJ's findings, and would be a waste of judicial and administrative resources," Def.'s Mem. at 11 (citations omitted), for all of the foregoing reasons, the undersigned disagrees.

      (C)    Take such other action as may be necessary to resolve this claim properly.

2. The Clerk be further directed to close the file.

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on January 30, 2017.

*/s/ James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:

The Honorable Paul G. Byron
United States District Judge

Counsel of record

-13-